| | |
|---|---|
| WILLIAM K. HARRINGTON | **Hearing Date and Time:** |
| UNITED STATES TRUSTEE, REGION 2 | January 29, 2025, at 10:00 a.m. |
| Department of Justice | **Objection Deadline:** |
| Office of the United States Trustee | January 22, 2025, by 4:00 p.m. |
| Alexander Hamilton U.S. Custom House | **Related to ECF No.:** |
| One Bowling Green, Rm. 534 | ECF Nos. 1 and 8 |
| New York, NY 10004 | |
| Tel. (212) 510-0500 | |
| andrea.b.schwartz@usdoj.gov | |
| By:    Andrea B. Schwartz, Esq. | |
|            Trial Attorney | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re                                                                     :    Chapter 11
                                                                              :
ELFAND ORGANIZATION LLC,                              :    Case No. 24-12122 (LGB)
                                                                              :
                                        Debtor.              :
------------------------------------------------------------X

### UNITED STATES TRUSTEE'S MOTION FOR ORDER PURSUANT TO 11 U.S.C. § 1112(b) AND FED. R. BANKR. P. 1017, DISMISSING OR CONVERTING THE CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE

TO THE HONORABLE LISA G. BECKERMAN,
UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region files this motion (the "Motion") for an order pursuant to 11 U.S.C. § 1112(b) dismissing with prejudice the chapter 11 case of Elfand Organization LLC, a/k/a Cannabis Clubs (the "Debtor") or converting the chapter 11 case to a case under chapter 7 of the Bankruptcy Code. In support thereof, the United States Trustee represents and alleges as follows:

**Relief Sought**

Cause exists to dismiss or convert this chapter 11 case. First, it is well-settled that a business entity that files a case or other pleading in bankruptcy court must be represented by

counsel. As of the date hereof, no attorney has entered an appearance on behalf of the Debtor. Thus, the case cannot proceed and should be dismissed. Cause also exists to dismiss under Section 1112(b)(4)(F) because the Debtor has failed to file timely documents required by Section 521, Bankruptcy Rule 1007 and Local Bankruptcy Rule 1007. Other than the Petition, which is defective because it is unsigned, the Debtor has not filed any of the documents and disclosures required by these statutes and rules.

After obtaining from the Court an extension of time to file these documents and retain an attorney, the Debtor has not done so. Thus, the Debtor's failure to comply with a court order also constitutes cause to dismiss, i.e. Section 1112(b)(4)(E). Here, the Debtor has put forth nothing upon which the Court could find that unusual circumstances exist or that it is not in the best interest of creditors for the Court to dismiss this case. For these reasons, the case should be dismissed.

## Facts

1. On December 2, 2024 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition ("Petition") under chapter 11, of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). [ECF No. 1]. The Petition was filed *pro se* and is unsigned, whether by a representative of the Debtor or an attorney. *See* Petition at Nos. 17 and 18.

2. Prior to the filing, the Debtor operated private membership cannabis clubs. The Petition lists six locations for the Debtor's business and a website at www.empireclubnyc.com. *See* Petition at Nos. 4 and 5. It is unknown whether the Debtor is currently operating its business at any location.

3. Other than the Petition, the Debtor has filed none of the other documents or has made any of the financial disclosures required for debtors in possession by the Bankruptcy Code,

Bankruptcy Rules and the Local Rules of this Court. *See generally,* Court Docket. Upon information and belief, the statutory deadlines for filing these documents and making these disclosures have passed.

4. On December 4, 2024, the Court scheduled a meeting of creditors pursuant to Section 341 of the Bankruptcy Code (the "341 Meeting") to be convened on January 8, 2025, at 1:30 p.m. [ECF No. 2]. Due to the various case infirmities, the U.S. Trustee adjourned the 341 Meeting to February 4, 2025, at 10:00 a.m. [ECF No. 10]. If the instant Motion is granted, then the 341 Meeting will not take place.

5. On December 16, 2025, the Debtor filed a letter requesting a 10-day extension of the time to file the requisite documents and to retain an attorney. [ECF No.8].

6. On December 27, 2025, the Court entered an order, among other things, extending the time by which the documents must be filed, and an attorney be retained and file a Notice of Appearance with the Court to January 7, 2025, by 5:00 p.m. [ECF No. 9].

**Relief Sought**

A. <u>Cause Under Section 1112(b) of the Bankruptcy Code Exists to Dismiss the Case</u>

Section 1112(b) of the Bankruptcy Code provides that the Court "shall" dismiss a case or convert a chapter 11 case to a case under chapter 7 (whichever is in the best interests of creditors and the estate) for "cause" unless the Court determines that the appointment of a chapter 11 Trustee or an examiner would be in the best interests of creditors and the estate. 11 U.S.C. § 1112(b). "It is within the court's discretion to convert or dismiss a chapter 11 case, provided the best interests of creditors and the estate are served." *In re BH S & B Holdings, LLC*, 439 B.R. 342, 351 (Bankr. S.D.N.Y. 2010). "Cause" for dismissal includes, but is not limited to, the items listed in section 1112(b)(4) of the Bankruptcy Code. The list, however, is "not exhaustive" and

3

courts are free to consider other factors. *See, e.g., In re Ameribuild Const. Mgmt., Inc.*, 399 B.R. 129, 131 n.3 (Bankr. S.D.N.Y. 2009) (citing legislative history). Moreover, section 1112(b)(2) states that the court "must" convert or dismiss for cause unless: (A) there is a reasonable likelihood that the plan will be confirmed … within a reasonable period of time; and (B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph 4(A) – (i) for which there exists a reasonable justification for the act or omission and (ii) that it will be cured within a reasonable period of time fixed by the court. 11 U.S. C. § 1112(b)(2).

    1.    <u>The Court Must Dismiss this Case Because New York law Prohibits Corporations from Appearing in Federal Court Without Counsel.</u>

In New York, a corporation, or other artificial entity, may appear in the federal courts only through licensed counsel. *See Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) ("a layperson may not represent a separate legal entity such as a corporation"); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that a corporation involved in a legal proceeding must be represented by counsel); *see also Rowland v. California Men's Colony*, 113 S. Ct. 716, 721 (1993) (stating that "[i]t has been the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel"); *cf.* Fed. R. Bankr. P. 9010 (Advisory Committee Note states that the rule does not purport to change prior holdings prohibiting a corporation from appearing *pro se*, citing *In re Las Colinas Development Corp.*, 585 F.2d 7 (1st Cir. 1978)). The *pro se* filing of a chapter 11 petition by a corporation or other artificial entity is impermissible. *See BSL Operating Corp. v. 125 East Taverns, Inc. (In re BSL Operating Corp.)*, 57 B.R. 945, 947 (Bankr. S.D.N.Y. 1986) ("It is well settled that a corporation cannot appear pro se.") (citations omitted).

The failure of a Chapter 11 corporate debtor to obtain counsel is cause for dismissal pursuant to Section 1112(b) of the Bankruptcy Code. *See In re 167 W. 133rd St. Hous. Dev. Fund Corp.*, No. 18-12043-JLG, 2018 WL 4637460, at *5 (Bankr. S.D.N.Y. Sept. 25, 2018) ("The failure of a corporate debtor like 167 West 133rd Street HPDC to retain counsel, is grounds under § 1112(b)(2) to dismiss or convert its case." (citing *In re Spencer C. Young Invs.,* No. 08-81852, 2009 WL 901654, at *3 (Bankr. M.D.N.C. Feb. 4, 2009))); *In re Child Life, Inc.*, 126 B.R. 51, 52 (Bankr. N.D. Oh. 1991) (dismissing Chapter 11 case of corporate entity that had failed to obtain counsel).

Here, the Debtor filed the Petition *pro se* and no attorney has appeared on behalf of the Debtor since the Petition Date. In addition, despite the Court's granting the Debtor an extension of time, among other things, to obtain an attorney and have such attorney file a Notice of Appearance with the Court by January 7, 2025, by 5:00 p.m., the Debtor has failed to do so. Accordingly, the Court should grant the U.S. Trustee's motion and dismiss the case.

2. Failure to Satisfy Timely Filing and Reporting Requirements and Comply with a Court Order–
11 U.S.C. § 1112(b)(4)(F) and (E)

Pursuant to section 1112(b)(4)(F) of the Bankruptcy Code "an unexcused failure to satisfy timely any filing or reporting requirement established by [the Bankruptcy Code] or by any rule applicable to a case under [chapter 11]" is "cause" for conversion or dismissal of chapter 11 case. 11 U.S.C. § 1112(b)(4)(F). *See In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) (debtors' failure to file reports for ten months warranted conversion or dismissal); *see also In re Roma Group, Inc.*, 165 B.R. 779, 780 (S.D.N.Y. 1994) (citing *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (failure to file operating reports constitutes cause for dismissal or conversion of chapter 11 proceeding).

5

It is noted at the outset, that the Debtor in this case filed only one of the many required documents and disclosures under the Code. Although it is recognized that the Debtor filed the Petition *pro se,* even this document is defective because it is unsigned. Not only does the Petition fail to include an attorney's signature which is cause to dismiss as set forth above, but there is no signature of a representative of the Debtor swearing under penalty of perjury that the information contained in the Petition is true. *See* Petition at Nos. 17 and 18. Because there is no verification of the information in the Petition, there is cause to dismiss this case. In fact, there is not one individual name associated with the Debtor included in the Petition or the subsequent letter filed with the Court by the "shareholders," requesting the extension. Because there is no verification of the information in the Petition, there is cause to dismiss this case.

Bankruptcy Code 521 lists various duties of a debtor, including that all debtors must file schedules, statements of financial affairs and various other documents. 11 U.S.C. § 521. The list of required documents is expanded upon by Bankruptcy Rule 1007 which implements Bankruptcy Code § 521. Some of the additional documents required to be filed include schedules of current income and expenditures and a schedule of executory contracts and unexpired leases. Fed. R. Bankr. P. 1007(b). Furthermore, the Court's Local Rules require the filing additional documents including an affidavit under Local Rule 1007-2 setting forth details concerning the bankruptcy filing such as the facts and circumstances that led to the filing, the current state of affairs and the need for any immediate relief if requested. Local Bankruptcy R. 1007-2. This affidavit generally is required at the same time as the Petition in filed. Local Rule 1007-2(c). Local Bankruptcy Rule 1007-3 also requires that the Debtor (a business entity) file a Corporate Ownership Statement with its Petition that sets forth the owners of the corporation and any individual that owns 10% or more of the business entity. Local Bankruptcy Rule 1007-3. A review of the docket reveals that

6

none of these documents has been filed in accordance with the statutory deadlines and in violation of the Bankruptcy Code, Bankruptcy Rules, the Local Rules and the Extension Order. For these reasons cause exists to dismiss this case for failure to file and make disclosures timely as required by the Code, Rules and Local Rules.

Furthermore, cause exists to dismiss this case under Section 1112(b)(4)(E) because the Debtor failure to comply with the terms of the very Extension Order that the Debtor requested. For these reasons, the Court should dismiss this case.

    3.    <u>No Unusual Circumstances Exist That Establish Dismissal Is Not in the Best Interests of the Creditors</u>

Section 1112(b)(2) states that the court "must" convert or dismiss for cause unless the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate and the Debtor demonstrates that: (A) there is a reasonable likelihood that the plan will be confirmed … within a reasonable period of time; and (B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph 4(A) – (i) for which there exists a reasonable justification for the act or omission and (ii) that it will be cured within a reasonable period of time fixed by the court. 11 U.S.C. § 1112(b)(2).

The Debtor has put forth no evidence to demonstrate that any such unusual circumstances exist to establish that dismissing the case is not in the best interest of creditors. Thus, the case should be dismissed.

**Conclusion**

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order dismissing this Chapter 11 case and granting such other and further relief as the Court deems just.

Dated: New York, New York
January 7, 2025

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By:   /s/ *Andrea B. Schwartz*
Andrea Schwartz
Trial Attorney
